## COMMONWEALTH *vs.* KATIE C. TWOMBLY.

**Essex.** November 3, 1875. WELLS, COLT & MORTON, JJ., absent.

At the trial of a complaint under the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining, on May 1, 1875, and on divers other days between that day and September 27, 1875, a tenement for the illegal sale of intoxicating liquors, a witness for the government testified that a few days before the trial, which was at October term 1875, the defendant told him that a card which the witness produced and upon which were printed the defendant's name and address, and the words, " Dealer in imported wines and liquors," " Porter " and "Lager Beer," was her card, and that she had the card printed about a year before. *Held,* that the witness was rightly permitted to read the card for the purpose of showing that the defendant was keeper of the tenement on May 1, 1875.

COMPLAINT under the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining on May 1, 1875, and on divers other days between that day and September 27, 1875, a certain tenement, in Glouces-

ter, used for the illegal sale and illegal keeping of intoxicating liquors, said tenement being then and there a common nuisance.

At the trial in the Superior Court, at October term 1875, before *Pitman*, J., a witness for the government produced a printed card, containing the following words : " Katie C. Twombly. Dealer in Imported Wines and Liquors. Beach Street, Gloucester, Mass. Choice Cigars. Tobacco. Porter. Lager Beer." He then testified that, within a few days, he had a conversation with the defendant, who then told him that that was her card, and that she had the card printed about a year ago. The counsel for the government asked the witness to read the card for the purpose of showing that the defendant was keeper of the house on the first day of May last. The defendant objected to the reading of the card for that purpose, but the judge allowed the card to be read ; and the defendant alleged exceptions.

*C. A. Benjamin*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth, was not called upon.

BY THE COURT. The testimony that the defendant, a few days before the trial, told the witness that the card was hers, and she had had it printed about a year before, without qualifying in any way the natural inference from that admission, made the card competent evidence against her that the facts stated thereon were true at an intermediate time.

*Exceptions overruled.*